IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Theodore E. Powell<br>308 Hodder Lane<br>Highland Springs, VA 23075<br><br>Plaintiff,<br><br>v.<br><br>American Federation of Teachers<br>Randi Weingarten AFT (1)<br>Al Squire AFT (2)<br>555 New Jersey Ave., NW<br>Washington, DC 20001<br><br>And<br><br>Washington Teachers Union<br>Nathan Saunders WTU (3)<br>Clay White WTU(4)<br>Charles Moore WTU (5)<br>Mrs. Candi Peterson WTU (6)<br>1825 K. Street, NW,<br>Suite 1050<br>Washington, D.C.  20006<br><br>Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Theodore E. Powell
308 Hodder Lane
Highland Springs, VA 23075
*Pro Se Plaintiff*

Daniel J. McNeil, Esq.
555 New Jersey Ave., NW
Washington, D.C. 20001
*Counsel for American Federation*
*of Teachers, AFL-CIO*

Jay P. Holland, Bar No. 422258
jholland@jgllaw.com
Brian J. Markovitz, Bar No. 15859
bmarkovitz@jgllaw.com
Puja Gupta, Bar No. 987800
pgupta@jgllaw.com
6404 Ivy Lane
Suite 400
Greenbelt, Maryland 20770
301.220.2200 (T)
301.220.1214 (F)
*Counsel for Defendants Washington*
*Teachers Union, Nathan Saunders, Clay*
*White, Charles Moore, and Candi Peterson*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE E. POWELL | |
| Plaintiff, | |
| v. | CASE NO. _____ |
| AMERICAN FEDERATION OF TEACHERS, AFL-CIO, RANDI WEINGARTEN, AL SQUIRE; WASHINGTON TEACHERS UNION, NATHAN SAUNDERS, CLAY WHITE, CHARLES MOORE, AND CANDI PETERSON, | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants Washington Teachers Union, Nathan Saunders, Clay White, Charles Moore, and Candi Peterson file this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, and 1446 in the Office of the Clerk of the United States District Court for the District of Columbia and in support state:

1. Plaintiff Theodore E. Powell filed civil suit against Defendants Washington Teachers Union, Nathan Saunders, Clay White, Charles Moore, and Candi Peterson (collectively "WTU"), as well as Defendants American Federation of Teachers, AFL-CIO, Randi Weingarten, and Al Squire on February 9, 2011 in the Superior Court of the District of Columbia. The summons was issued on or around February 9, 2011 and the action was assigned Case No. C.A. No. 2011 CA 001025 B before Judge Joan Zeldon. WTU was served on February 11, 2011. A copy of the Complaint as it was served on WTU is attached as Exhibit 1. A copy of the Superior Court's Initial Order and Addendum is

attached as Exhibit 2. A copy of Defendants American Federation of Teachers's Motion to Dismiss is attached as Exhibit 3.

2. The basis for removal is diversity of citizenship and amount in controversy. Under 28 U.S.C. §1332, the United States District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) Citizens of different States...."

3. The amount in controversy in this case is $8,000,000.00 (Eight Million Dollars) as claimed by the Plaintiff in the Complaint.  (Ex. 1).

4. The WTU Defendants conduct business in the District of Columbia, and for diversity purposes, is considered a citizen of the District of Columbia. Equally, to the extent Defendants Saunders, White, Moore, and Peterson are proper defendants, which they are not, they serve in their official capacities on behalf of WTU, which is for diversity purposes considered a citizen of the District of Columbia.

5. Since the amount in controversy exceeds $75,000 and since the only Plaintiff is a citizen of the State of Virginia, (Compl. 1), there is total diversity of citizenship under 28 U.S.C. §1332.

6. Pursuant to 28 U.S.C. § 1441(a), "except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.*  This district court embraces the Superior Court of the District of Columbia, where the action is currently pending.

7. Pursuant to 28 U.S.C. § 1441(b), "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" *Id.*  (emphasis supplied).

8. Jurisdiction over the subject matter of this case is therefore conferred by 28 U.S.C. §§ 1332 and 1441.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) as a substantial part of the alleged events and/or omission giving rise to the claims that occurred in the District of Columbia. (Ex. 1)

10. This Notice is filed with this Court within thirty (30) days of Defendants WTU receipt "through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446 and the case law interpreting this provision.

11. Defendants WTU do not waive, but expressly preserve, any and all defenses, affirmative defenses and counterclaims to the suit.

12. A copy of this Notice of Removal has been filed with the Clerk of the Superior Court of the District of Columbia and copies forwarded to all parties with known addresses, to effect removal of this action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1446(d).

Therefore, having met all the requirements for removal pursuant to 28 U.S.C. §§ 1441 and 1446, and all jurisdictional requirements established by 28 U.S.C. §1332 and 1391,

Defendants Washington Teachers Union, Nathan Saunders, Clay White, Charles Moore, and

Candi Peterson hereby gives notice that she removes the captioned case from the Superior Court

of the District of Columbia to the United States District Court for the District of Columbia.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By: _____

Jay P. Holland, Bar No. 422258
jholland@jgllaw.com
Brian J. Markovitz, Bar No. 15859
bmarkovitz@jgllaw.com
Puja Gupta, Bar No. 987800
pgupta@jgllaw.com
6404 Ivy Lane
Suite 400
Greenbelt, Maryland 20770
301.220.2200 (T)
301.220.1214 (F)
*Counsel for Defendants Washington Teachers*
*Union, Nathan Saunders, Clay White, Charles*
*Moore, and Candi Peterson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2011, a true and accurate copy of the
foregoing Notice of Filing of Notice of Removal was mailed, first class, postage prepaid, to:

Theodore E. Powell
308 Hodder Lane
Highland Springs, VA 23075
*Pro Se Plaintiff*

Daniel J. McNeil, Esq.
555 New Jersey Ave., NW
Washington, D.C. 20001
*Counsel for American Federation of Teachers, AFL-CIO*

_____

Puja Gupta

4



③

### In The Superior Court of the District of Columbia

February 9, 2011                         Civil Division

Theodore E. Powell
308 Hodder Lane
Highland Springs, VA.23075
    **Plaintiff**

V.                 **Case No:** ____ 0001025-11

**American Federation of Teachers (7)**
Randi Weingarten   AFT (1)
Al Squire       AFT (2)
555 New Jersey Ave N.W.
Washington, D C 20001
**Washington Teachers Union (8)**
Nathan Saunders   WTU  (3)
Clay White     WTU   (4)
Charles Moore   WTU   (5)
Mrs. Candi Peterson WTU (6)
1825 K Street, N.W. Suite# 1050
Washington, D.C. 20006
**Defendants**



RECEIVED
Civil Clerk's Office
FEB 0 9 2011
Superior Court of the
District of Columbia
Washington, D.C.

### Complaint

    **Comes Now,** Your Plaintiff, Theodore E. Powell, Pro 'Se and hereby files this complaint for **breach of contract, employment discrimination and misprepresention.** Jurisdiction in this case is based on the allegations giving rise to this **complaint occurred in the District of Columbia** .The Plaintiff is a **resident of Virginia. The Defendants reside or do business in the District of Columbia. The statute of limitation is within designated time and there is no immunity issue.** This action is brought pursuant to violations of Title VII of the Civil Rights of 1964 as amend. This compliant shows cause and damages to the Plaintiff as the of result extrinsic fraud, malpractice medical and deceit used to favor opinions to violate the Plaintiff's 14th and 5th amendment rights, which caused pain, mental and emotional suffering. These violations damaged the Plaintiff's Civil Rights, violated contract law and Terminated the Plaintiff from his position and blacked balled the Plaintiff from teaching in the District of Columbia and Virginia by use of unspoken words. The Plaintiff is stating violations of Constitutional Rights, **conspiracy and Misconduct** of their positions as the basis, as is herein after stated and set forth as basis therefore:

1. The Plaintiff states misrepresentation by the Washington Teacher Union, they have provided no enforcement for this teacher's rights, under the established guidelines as the Collective



EXHIBIT

Bargaining Unit for DCPS. There is **"no freedom of choice in representation"** or explanation of why the ostentatious WTU have been insubordinate in their operation to restore the Plaintiff back to his position and back pay. This is stated in the DC code 1620.15 of enforce leave .The Plaintiff was proven innocent in a court of law, on September 29th 2010. The WTU`s grievance procedure and dialogue with DCPS were unproductive and invisible as they have failed in their responsibilities. Making this Law suit imperative for the Plaintiff to survive and get WTU to do their jobs. **Steele v. Louisville & Nashville R. Co.(cb7-1),** this Court has emphatically and repeatedly ruled that an exclusive bargaining agent under the Railway Labor Act is obligated to represent all employees in the bargaining unit fairly and without discrimination because of race and has held that the courts have power to protect employees against such invidious discrimination. It charged that such discrimination constituted a violation of petitioners' right under the Railway Labor Act to fair representation from their bargaining agent. And it concluded by asking for relief in the nature of declaratory judgment, injunction and damages.

2. The Plaintiff states that monies from the Plaintiff`s checks are deducted for **(the Ades `s law firm)** for representation in the WTU`s teachers legal matters. The Plaintiff had to eliminate the WTU`s Lawyer to get a fair and honest representation in the court system .The Plaintiff would have convicted himself from the poor representation, conspiracy and deceitful ways of WTU`s lawyer who misrepresented the Plaintiff`s 5th amendment rights, Due Process and right to have a speedy trial. ***Vaca v. Sipes (cb9-1)*** held that the duty is breached only when the union's conduct towards a bargaining unit member is arbitrary, discriminatory, or in bad faith.

3. The Plaintiff states that the WTU failed to establish their support and representation when the Plaintiff was being abused at Woodson High School, where the Plaintiff was assaulted over seven times by students. The administration just turned their heads and MPD stated we do not believe the Plaintiff. This is unbelievable and misconduct for their authoritarian positions under the 14th amendment. The WTU was negligent in its efforts to get involved and implement a strong safe plan for success, as a part of the Collective Bargaining Agreement or to visit the school to investigate and see first and the Plaintiff`s concerns. ***Ford Motor Co. v. Huffman (cb7-19. p[11])*** The bargaining representative's duty not to draw 'irrelevant and invidious' distinctions among those it represents does not come to an abrupt end, as the respondents seem to contend, with the making of an agreement between union and employer. Collective bargaining is a continuing process. Among other things, it involves day-to-day adjustments

in the contract and other working rules, resolution of new problems not covered by existing agreements, and the protection of employee rights already secured by contract

4. The Plaintiff states that he is suffering from two injuries that are documented by reports form Medical Specialist Doctors and Licensed Professional Counselor from injuries received from assaults on the job .There is nerve Damages in the Plaintiff `s feet and Post Traumatic Syndrome Disorders. All Administrators were insubordinate to identify the severity of not reporting. The WTU failed to get immediate care for the Plaintiff in these matters. The Collective Bargaining Unit, for a teacher who was injured on the job by maltreatment and gross negligence has failed again. The Crime Victim`s Program of Superior Court was only organization who gave support to the Plaintiff *Conley v. Gibson* **(cb7-14. p[9])** "By virtue of this contractually derived status as the exclusive enforcer of the collective agreement, the union assumes a heavy responsibility to exercise its control on behalf of, rather than against the individual employee. The collective agreement creates rights in the individual employee which are enforceable under section 301. In the absence of a union controlled grievance procedure the individual can sue and enforce his rights in his own behalf. The effect of the contractual provision giving the union exclusive control over the grievance procedure is to deprive the individual of his ability to enforce the contract on his own behalf. The union, having deprived the individual of his ability to enforce his rights, has a special obligation to act on his behalf."

5. The Plaintiff states during his criminal case he asked the WTU for better Lawyer (not Harold Martin) because he was violating the Plaintiff`s civil, 5th and 14th amendments rights. Harold Martin was compelling to school `s MPD interest. There was a variance of interest as Harold Martin was intimidating the Plaintiff to take a plea in court and ran the Plaintiff`s witness away. The WTU `s Charles Moore statement which was approved by the WTU and AFT, **"that if you do not like our lawyer then go get your own".** The plaintiff did ask for a new lawyer but WTU refused to help me in this matter. *Conley v. Gibson* **(cb7-14. p [9])**

6. The Plaintiff states that the Harold Martin was prejudicial to the Plaintiff `s case and ask the WTU to remove him by email to the president of the union. Harold Martin deliberately corrupted and created a hostile environment .Harold Martin destroyed communication efforts with the new Public Defender because what was told about the Plaintiff. The second public defender wanted the Plaintiff to take a plea in the Mental Health Court and suggested that The Plaintiff do not tell the truth and brings his medicine to show the court that the Plaintiff is sick.

This goes back to the MPD 's fraudulent statement on the arrest of the Plaintiff. When the WTU did not provide support and representation to the Plaintiff. The Plaintiff 5th amendment rights were being abuse by this prejudice statement by the MPD. **The Plaintiff was in a room crying and talking on the phone and nobody, was on it and the Plaintiff was out of his mind.** This did not happen but, the statement it is being used against Plaintiff then and now. This is defamation of character by the MPD and compelled by Harold Martin to the New Public Defenders was an exploitation association. *Conley v. Gibson* **(cb7-14. p[9])**

7. The Plaintiff states that Charles Moore of WTU is advising DCPS's Traci Higgins against the Plaintiff, after an argument to remove Harold Martin as the Plaintiff's lawyer in the criminal case. The Plaintiff was placed on paid Administrative on December 10, 2009 and Traci Higgins name was the first name on the list be cc. Enforced leave should have happen on the December the 16,2009.Traci Higgins knew nothing about Enforce Leave as Traci Higgins made  four errors in trying to make it work for WTU. The Plaintiff communicated with Charles Moore about Enforce Leave and he stated that Traci Higgins could do that .Charles Moore admitted that he had a case like that before. Charles Moore supported Traci Higgins to conspire against the Plaintiff; this is the payback for challenging WTU**. *Steele v. Louisville & Nashville R.R.* (cb7-4.p[11])•** "...the duty of fair representation has stood as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law

8. The Plaintiff states that he asked the WTU for support and a representative to go with the Plaintiff for Fitness for Duty exam, the Plaintiff is aware that he could have representation during this process, but the WTU refused to support and represent. Now, Traci Higgins has conspired with the Malpracticing Dr. Webb to use his bogus empty scratch legal pad to terminate the Plaintiff under false pretense with Charles Moore support. The Plaintiff did not have a Due Process hearing nor the right to have Dr. Webb cross examine by the Plaintiff's lawyer. WTU did not send the Plaintiff a copy of Dr. Webb's report after signing a paper to release the information to WTU and have it sent to the Plaintiff. *Conley v. Gibson* **(cb7-14. p[9])**

9. The Plaintiff states that he did attend the Fitness for Duty with Doctor Webb, even though he is neither psychologist nor a mental health professional His specialty is emergency medicine and surgery. He is out of his area of his expertise. This is gross negligence to provide false information to damage the Plaintiff as a patient in his care The Plaintiff was damaged from the

WTU lack of support and representation. DCPS and Traci Higgins should not allow, Dr. Webb`s report as their means of termination, because provided false information to the Health Board of Commonwealth of Virginia and the District of Columbia Government. In fact this is a wrongful termination and DCPS should have recommended another Doctor from the list, with approval by the WTU. Dr. Webb should have declined the money from DCPS and Traci Higgins when he knew that he was not a qualified psychologist to do mental health evaluations but conspired to do fraud to the Plaintiff. The Plaintiff was not to get a passable fitness for duty report by Dr. Webb. **Executive Director Mrs. Reynolds-Cane of Commonwealth of Virginia Department of Health Professional stated on Wednesday, December 15th at 2:41 pm, 2010 that this is Civil Malpractice by Dr. Arthur Webb. Steele v. Louisville & Nashville R. Co.(cb7-1).**

10. The Plaintiff states he was fired by Clay White, WTU and AFT and I will not get any support and representation from them, but The Plaintiff still have paid them money as long as the Plaintiff is a teacher in the system. Since the WTU is the Collective Bargaining Unit for teachers with DCPS the Plaintiff would be blocked out, until the WTU decide when and how long their want to drag these issues out. This is why the law suit is imperative because of extrinsic fraud and bias. *Conley v. Gibson* **(cb7-14, p[9])**

11. The Plaintiff states that he contacted the AFT`s Al Squire for support and representation on these issues and they were deceitful in their methods and approach to help and hung up their phones on the Plaintiff. **Steele v. Louisville & Nashville R. Co.(cb7-1).**

12. The Plaintiff states that Charles Moore did organize a meeting with DCPS security for the Plaintiff give a statement on the criminal case. It was not cleared by Charles Moore through Traci Higgins `s office and The Plaintiff would have been arrested for coming on DCPS property. Charles Moore did not come to that meeting at DCPS security`s office as a support and representative of the WTU. Turning his back on the Plaintiff as if the Plaintiff was acting on his own. *Conley v. Gibson* **(cb7-14, p[9])**

13. The Plaintiff states that the WTU did not support and represent the Plaintiff on the Enforce Leave Policy when the Plaintiff was found to be innocent in a court of law. The code of District of Columbia 1620.15 states that all lost pay, leave and administrative action (removed from teaching position) shall be restored retroactively. The WTU has failed again to perform its responsibilities as the main collective bargaining unit with DCPS. Candi Peterson stated on December 17, 2010, that we might be able to do something in February, that is three months away and Plaintiff will be in Foreclosure. The Back pay is owed now by **District of Columbia**

<u>Codes 13-3303 and 1620.15</u> and that`s the law. The WTU sent out memo on December 17, 2010 stating that one of elementary school teacher s pay were short of hours and special considerations were made for them by WTU and DCPS to get these people paid for the Christmas Holidays and they could pick up their money as late as Friday at 11 pm and the next day on Saturday. This is act of defiance by the WTU to not support and represent the Plaintiff as money is owed to the Plaintiff has created emotional pain and suffering on the Plaintiff and his family members on these holidays times. The WTU and DCPS are conspiring to punish the Plaintiff an innocent man .On December 7 ,2010 Mr. Ali from Employment Commission stated the commission received a statement that the Plaintiff was still apart of school district as of December 22,2010 and yet is not getting paid. *<u>Bowen v. United States Postal Service</u>* **(cb9-34)** held that damages must be apportioned between the employer and the union: the union is liable for any **increase** in lost pay due to its breach; employer should be left in position it would have been in had union not breached the duty of fair representation.

<u>Plaintiff states a claim:</u> The Plaintiff claims that is owe in compensatory damages from his contract in the amount 40 thousand Dollars or more before taxes plus pain , suffering ,job loss and mental anguish.

1.  The Plaintiff claims WTU did not support and represent when he was injured on the job and the principal at Woodson High refused to call the report to workmen`s compensation to get immediate care for the Plaintiff. The Plaintiff became neglected which cause pain and suffering in the Plaintiff to perform his duties as a physical education teacher. The damaged to the plaintiff `s feet made it hard to stand up and be active with the students. There is nerve damage and the Plaintiff is still receiving physical therapy for these injuries that happen on the job. The Plaintiff has a loss of feelings in his feet, toes and has pain in his legs. The **Plaintiff demands judgment against the Defendant WTU and Agents In the sum of 5.2 million dollars, neglect and being crippling in later life without support,( with interest and cost)**

2.  The Plaintiff claims WTU did not support and represent when he was injured on the job from the many assaults by students, misconduct by MPD by not reporting these assaults, and the administration just turning their heads in non-recognition that these things were happening. This is neglect and a violation of the 14th amendment. The Plaintiff states that he has been traumatized and diagnose with Post Traumatic Syndrome from the assaults, injuries and misconduct of administrative staff. This was documented to the WTU, DCPS, Superior Court

and Crime Victims of Superior Court. The **Plaintiff demands judgment against the Defendant WTU and agents in the sum of 5.4 million dollars for neglect and of the Post Traumatic Syndrome, from injuries and misconduct on the job, (with interest and cost)** The Plaintiff see himself like those soldiers coming from the war who claim Post Traumatic Syndrome how many of them return to live a normal life without anger, stress, depression and label by society. There is not a magic pill or a hocus pocus to give these solders a better life. This Plaintiff has it also from being assaulted and abused on the job.

3. The Plaintiff claims WTU did not support and represent his 5th amendment rights and Due Process by not providing the proper support and representation needed in the Plaintiff's criminal and civil matters. The Plaintiff was told to get his own lawyer which caused the Plaintiff and his family emotional pain, suffering and could have been jailed for six months of the Plaintiff's life destroying all. Later the WTU Clay White fired the Plaintiff from the WTU and AFT and the Plaintiff had no support and representation now. **The Plaintiff demands judgment against the Defendant WTU and agents (Clay white and Charles Moore) in the sum for 6.7 million dollars with interest and cost. The Plaintiff is demanding punitive damages on Charles Moore, Candi Peterson, Nathan Saunders and Clay White in the sum of 3 million dollars each for abuse and misconduct of their positions.**

4. The Plaintiff claims and demands judgment against the Defendants WTU **for the Plaintiff's back salary, leave and Medical benefits** for not returning the Plaintiff to his teaching position as stated in the **Code of the District of Columbia 1620.15.** It was personal attack on the Plaintiff, a willful and knowingly disregards to deceive and the abuse of their powerful position. **Plaintiff is demanding judgment against Defendant WTU and agents Clay White and Charles Moore) in the sum of 6 million dollars in punitive damages for wrongful termination and abuse of power.**

5. The **Plaintiff claims and demands judgment against defendant AFT Randi Weingarten and Al Squire in the sum of 6 million dollars in punitive damages in that this will never happen to another teacher in this DCPS District and United States.** There have been a lot of teachers who has been ignored and shorted by these Unions. Just because the WTU has changed the personality the odor is still remains there.

6. The Plaintiff is asking the court to retain jurisdiction over this action to ensure full compliance with the order of this court and law on this action is based and compel the WTU to support and

represent all teachers to fullest degree with dedication and appreciation (including a requirement that the Defendants file such reports as the court deems necessary to evaluation such compliance with the Impact evaluation process and teacher terminations and riffs.)

**Wherefore,** The Plaintiff respectfully requests this Honorable Court to grant the following relief:

1. Order Defendant to reinstate the Plaintiff to his former position retroactive to Woodson High or another High School.

2. Order the Defendant to pay compensatory damages to the pay for loss of salary; court cost and other related legal expenses, restoration of all rights, benefits and other entitlement of any kind or nature that would have accrued to the plaintiff ,but for Defendant`s illegal and improper actions.

3. Order relief in the nature of declaratory judgment, injunction, punitive and damages

**Relief can be made:** By returning the Plaintiff to another teaching position until the end of school year of 2011 and paying all back pay and leave. Then retire the Plaintiff with full 100% retirement benefits and 8 million dollars in cash.

*Theodere E. Powell*

Theodore E. Powell
804-306-8683  (cell)
804-328-2782

2/9/ 2011 _____, being first duly sworn on oath deposes and say that the forgoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of set-off and just grounds of defense.

*Theodere E. Powell*

Theodore E. Powell

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm—JM-170
### Washington, D.C.   20001

*Plaintiff*

vs.

Civil Action No. _____

*Defendant*

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

The defendant, for answer to the claim of the plaintiff herein, says that he said plaintiff is not entitled to have judgment as demanded in the complaint for the following reasons:

_____

_____

_____

_____

_____

_____

_____

And, therefore, said defendant respectfully demands that this suit be heard in open court.

| DEFENDANT: | ADDRESS: | TELEPHONE NO. |
|---|---|---|
| | | |
| COPY MAILED TO: (ATTORNEY FOR PLAINTIFF) | | |

Form CV(6)-451/Dec. 91

2-0881 wd-155



Form CA 1-A: Notice and Acknowledgment for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Theodore E. Powell
*Plaintiff(s)*

v.

Case No: _____

Nathan Saunders WTU
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):

Nathan Saunders WTU
1825 K St. NW
Suite # 1050
Washington, DC 20006

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): __2/9/11__.

_____
*Signature*

__2/9/11__
*Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____

_____
*Signature*

_____
*Relationship to Defendant/Authority to Receive Service*

_____
*Date of Signature*

Para pedir una traducción, llame al (202) 879-4828
Để có một bài dịch, hãy gọi (202) 879-4828

如需翻译,请打电话 (202) 879-4828
የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Veuillez appeler au (202) 879-4828 pour une traduction
번역을 원하시면, (202) 879-4828 로 전화주십시요

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room 5000
Washington, D.C. 20001    Telephone: 879-1133

*Theodore F. Powell*
Plaintiff

vs.

*(3) Nathan Saunders WTU*
Defendant

Civil Action No. ___0001025-11___

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Theodore F. Powell*
Name of Plaintiff's Attorney

*301 Holden Lane*
Address

*Highland Spring, Va 23075*

*804-322-2742 , cell 804-310-8683*
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date ___2/9/11___

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA 5000.

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM 5000.

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV (6-456) Rev. July 2010



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

THEODORE E POWELL
Vs.                                                    C.A. No.    2011 CA 001025 B
AMERICAN FEDERATION OF TEACHERS, AFL-CIO

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge JOAN ZELDON
Date:   February 9, 2011
Initial Conference: 9:30 am, Friday, May 27, 2011
Location:  Courtroom A-51
           515 5th Street, N.W.
           WASHINGTON, DC  20001



Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| THEODORE E. POWELL,                             )<br>                                                )<br>    Plaintiff,                                   )<br>                                                )<br>v.                                              )<br>                                                )<br>                                                )<br>AMERICAN FEDERATION OF TEACHERS,  )<br>AFL-CIO,                                        )<br>                                                )<br>    Defendant.                                  )<br>_____ ) | Civil Case No. 2011 CA 001025 B<br>Judge Joan Zeldon |

## MOTION TO DISMISS BY DEFENDANT AFT

Pursuant to D.C. Superior Court Rule 12(b)(6), the Defendant, the American Federation

of Teachers, AFL-CIO ("AFT"), by and through its attorney, moves to court to dismiss the

complaint filed by the *pro se* Plaintiff ("Mr. Powell"), for (1) failure to state a claim against the

AFT upon which relief can be granted and (2) failure to allege facts under which the AFT could

be found liable.  In the alternative, the Court should dismiss the case under Super. Ct. R. Civ. P

12(b)(1) because the Public Employee Relations Board ("PERB") has exclusive jurisdiction over

Plaintiff's claims against AFT and Plaintiff failed to file this action with the PERB.

As is detailed in the accompanying Memorandum in Support, the Plaintiff's claim against

AFT must be dismissed for the following reasons: (1) Plaintiff cannot seek relief from AFT for

breach of the duty of fair representation (DFR) claim because AFT **is not** a party to the collective

bargaining agreement and **is not** the exclusive bargaining representative; (2) Plaintiff's DFR

claim is deficient because he failed to demonstrate that the termination by DCPS was not lawful;



EXHIBIT
3

and (3) this Court does not have jurisdiction over Plaintiff's action, which must be filed with the

PERB. Consequently, Plaintiff's claim against AFT should be dismissed in its entirety.

THEREFORE, Defendant AFT respectfully requests the Court to grant its Motion to

Dismiss and to enter an order dismissing Plaintiff's claims with prejudice.

### Rule 12-I Certificate

Counsel for Defendant, pursuant to Rule 12-I(a), Sup. Ct. R. Civ. P., has attempted, on

several occasions, to notify Plaintiff of AFT's intent to file a Motion to Dismiss. On February

28, 2011, Defendant AFT left a message advising Plaintiff of Defendant's filing on the telephone

answering machine connected to the telephone number listed on Plaintiff's complaint

Respectfully submitted,

DATED: March 1, 2011          By: _____
                                   Daniel J. McNeil (Bar No. 455712)

**AMERICAN FEDERATION OF TEACHERS,
AFL-CIO**
555 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 393-7472 – phone
(202) 393-6385 – facsimile

Counsel for Plaintiff American Federation of
Teachers, AFL-CIO

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| THEODORE E. POWELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     Civil Case No. 2011 CA 001025 B |
| | )     Judge Joan Zeldon |
| AMERICAN FEDERATION OF TEACHERS, | ) |
| AFL-CIO, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT AMERICAN FEDERATION OF TEACHERS

Pursuant to D.C. Superior Court Rule 12(b)(6), the Defendant, the American Federation

of Teachers, AFL-CIO ("AFT"), by and through its attorney, moves to court to dismiss the

Complaint filed by the *pro se* Plaintiff ("Mr. Powell"), for (1) failure to state a claim against the

AFT upon which relief can be granted and (2) failure to allege facts under which the AFT could

be found liable.[1]  In the alternative, the Court should dismiss the case under Super. Ct. R. Civ. P

12(b)(1) because the Public Employee Relations Board ("PERB") has exclusive jurisdiction over

Plaintiff's claims against AFT and Plaintiff failed to file this action with the PERB.

### I.    INTRODUCTION

The crux of Mr. Powell's complaint is dissatisfaction with the legal representation he

received from the Washington Teachers Union ("WTU") related to issues he was having at work

in his employment as a teacher with the District of Columbia Public Schools ("DCPS").  In his

complaint, Mr. Powell states that he was assaulted by students at his worksite, Woodson High

---

[1] AFT received the Complaint by U.S. Mail on Saturday, February 12, 2011, which was opened
by counsel on February 14, 2011.

1

School, and that both school administrators and the WTU failed to help him resolve the situation. Complaint at p. 2, ¶ 3.  Mr. Powell states that, "the WTU failed to get immediate care for the Plaintiff in these matters." Complaint at p. 2, ¶ 4.  Mr. Powell states that he "had to eliminate the WTU's Lawyer to get a fair and honest representation in the court system." Complaint, p. 2, ¶ 2. He later claimed that he asked for WTU to provide him with a substitute attorney in a criminal proceeding, but that WTU refused. Complaint at p. 3, ¶5.  Mr. Powell asserts that the WTU failed to send a union representative to accompany him during his fitness for duty exam, a test administered by DCPC to determine whether DCPS employees are mentally and emotionally capable of fulfilling their work related duties. Complaint p. 4, ¶ 8. Finally, Mr. Powell claims that "the WTU has failed again to perform its responsibilities as the main collective bargaining unit with DCPS." Complaint at p. 5, ¶ 13."

Plaintiff, has framed this action as a "complaint for breach of contract, employment discrimination and misrepresentation" and "violations of Constitutional Rights, conspiracy and Misconduct." As Plaintiff acknowledges by citation to U.S. Supreme Court precedent, the allegations describe a claim of breach of the duty of fair representation. Steele v. Louisville & Nashville Railroad, 323 U.S. 192 (1944); Ford Motor Co. v. Huffman, 345 U.S. 330 (1953); Vaca v. Sipes, 386 U.S. 171 (1967).  The duty of fair representation ("DFR") is derived from the union's status as exclusive bargaining agent for the employees. Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. Id. at 177.  Unions are granted a wide degree of discretion in the representation of its members and are not required to provide representation in every dispute. Vaca, 386 U.S. at 191; Electrical

Workers v. Foust, 442 U.S. 42 (1979). The union's duty to one of its members is not breached unless its "conduct ... is arbitrary, discriminatory, or in bad faith" Gibson v. Dist. of Columbia Pub. Employee Relations Bd., 785 A.2d 1238, 1243 (D.C. 2001) citing Vaca, 386 U.S. at 190.

## II.   STANDARD OF REVIEW

Under D.C. Superior Court Civil Rule 12(b)(6), substantially the same as Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal for failure to state a claim upon which relief can be granted is proper when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Owens v. Tiber Island Condominium Ass'n, 373 A.2d 890, 893 (D.C. 1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Fred Ezra Co. v. Pedas, 682 A.2d 173, 174 (D.C. 1996). In determining whether to grant a motion to dismiss pursuant to Superior Court Rule 12(b)(6), this Court shall accept as true the factual allegations contained in the complaint, and must construe the facts on the face of the complaint in the light most favorable to the non-moving party. Fred Ezra Co., 682 A.2d at 174; Cauman v. George Washington University, 630 A.2d 1104, 1105 (D.C. 1993); see W.C. & A.N. Miller Cos. v. U.S., 963 F. Supp. 1231, 1235 (D.D.C. 1997). If it appears beyond a doubt that the plaintiff can prove no set of facts in support of their claim that would entitle them to relief, then dismissal of the claim is warranted. Klahr v. District of Columbia, 576 A.2d 718, 721 (D.C. 1990), quoting Conley, 355 U.S. at 45-46. Additionally, legal conclusions unsupported by facts are insufficient to state a claim, and courts need not accept legal conclusions cast in the form of factual allegations. Crowley v. North American Telecommunications Ass'n, 691 A.2d 1169, 1172 (D.C. 1997); Watwood v. Credit Bureau, Inc., 68 A. 2d 905, 906 (D.C. Mun. App. 1949); see also, e.g., W.C. & A.N. Miller Cos., 963 F. Supp. at 1235; Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994), citing

3

Papasan v. Allain, 478 U.S. 265, 286 (1986) ("However, the court need not accept inferences

drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor

must the court accept legal conclusions cast in the form of factual allegations"). With this

framework in mind, we examine Plaintiff's claims against AFT.

### III.   ARGUMENT

#### A.  AFT IS NOT THE EXCLUSIVE REPRESENTATIVE OF THE BARGAINING UNIT AND THUS PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff's only allegations against AFT are (1) that WTU told Plaintiff that he could hire

his own attorney if he did not like the attorney provided by WTU, which statement was

"approved" by AFT (Complaint at p. 3, ¶ 5); (2) that AFT fired Plaintiff (Complaint at p. 5, ¶

10); and (3) that an AFT employee allegedly hung up the phone on the Plaintiff (Complaint at p.

5, ¶ 11).[2] Even if these assertions are true, they do not state a DFR claim against AFT because

AFT **is not** a party to the collective bargaining agreement and **is not** the exclusive bargaining

representative; Vaca v. Sipes, 386 U.S. 171; Baker v. Newspaper & Graphic Communications

Union, Local 6, 628 F.2d 156, 165 (D.C. Cir. 1980) (holding that where International was neither

the bargaining representative nor a party to the collective bargaining agreement, no basis for

finding International responsible for duties owed by the Local). Plaintiff's complaint against

AFT must be dismissed.

Public education has always been a local matter in this country. Locally-elected

authorities govern school districts and have broad discretion in setting policies which shape how

students learn and teachers work. The agreements reached between school districts and their

---

[2] Neither the WTU nor the AFT ever employed Mr. Powell and therefore did not possess the capacity to terminate him.

employees vary greatly. These collective bargaining agreements identify the local, not the AFT, as the employees' representative. The AFT does not typically review or sign onto such agreements and it exercises no control over the enforcement and implementation of the agreements. Consistent with the role of a party to a contract, the local administers the collective bargaining agreement.

The WTU is an autonomous organization that makes its own decisions regarding personnel, collective bargaining agreements and representation of its members. Significantly, each local has its own constitution and bylaws that governs the relationship between the members and the local.[3] Additionally, each local has its own employer identification number from the Internal Revenue Service and legally functions as an autonomous employer for purposes of state and federal labor and employment law. In this functional context, each local, including the WTU, manages its own affairs.

The AFT does provide certain services to the members, but it does so in a limited and defined capacity; to do otherwise would intrude on our locals' autonomy and violate the AFT's constitution. The AFT provides local affiliates with: assistance in organizing new members; representation in Congress and before Executive Branch agencies on education policy issues and related matters; assistance in offering in professional development training for educators; collective bargaining assistance only when requested by a local; and financial assistance for legal cases that are brought by AFT locals.

The AFT does not owe Mr. Powell a duty of fair representation because AFT is not the exclusive representative of the bargaining unit. The AFT is neither a party to collective

---

[3] The attorney provided WTU to Mr. Powell for his criminal proceeding is a benefit of WTU membership; AFT does not have any role in the administration of that program.

bargaining agreements between the WTU and DCPS, nor does the AFT enforce this collective bargaining agreement. Since AFT does not possess the authority or responsibility to enforce the WTU/DCPS bargaining agreement, AFT has no obligation to represent Mr. Powell in grievance procedures with DCPS or other matters related to his employment. Rather, WTU has the statutory authority and responsibility to perform these functions. Accordingly, Plaintiff does not have a claim against AFT and the Complaint should be dismissed.

### B. PLAINTIFF'S DFR CLAIM IS DEFICIENT BECAUSE HE DOES NOT ALLEGE UNLAWFUL TERMINATION AND ARBITRARY TREATMENT.

In order for Plaintiff to establish that WTU breached its duty of fair representation, Mr. Powell must demonstrate that his termination by DCPS violated the collective bargaining agreement **and** that WTU treated him in an arbitrary or discriminatory manner or in bad faith. Jordan v. Washington Metro. Area Transit Auth., 548 A.2d 792, 797-98 (D.C. 1988) citing Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 164-165 (1983); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-571 (1976).   Plaintiff has not presented any evidence that he was wrongfully terminated, and thus, his DFR claim against both AFT and WTU is not proper.[4]

### C. PLAINTIFF'S DFR CLAIMS SHOULD BE DISMISSED BECAUSE THE PUBLIC EMPLOYEE RELATIONS BOARD HAS EXCLUSIVE JURISDICTION OVER HIS STATUTORY CLAIMS.

Mr. Powell's claims should be dismissed because the Public Employees Relations Board ("PERB") has exclusive jurisdiction over his claims. McManus v. District of Columbia, 530 F. Supp. 2d 46 (2007). The D.C. Comprehensive Merit Protection Act makes a union's breach of its duty of fair representation an unfair labor practice, and grants the PERB exclusive jurisdiction over allegations of unfair labor practices. See D.C. Code §§ 1-605.02(3); 1-617.04(b)(1). Thus, the District of Columbia Court of Appeals has consistently concluded that the "PERB retains

---

[4] A union's duty of fair representation does not extend to criminal cases.

exclusive, original jurisdiction to determine 'whether a particular breach (or alleged breach) of the duty of fair representation is also an unfair labor practice.'" Cooper v. AFSCME, Local 1033, 656 A.2d 1141, 1142-43 (D.C.1995) (citing Hawkins v. Hall, 537 A.2d 571, 575 n. 8 (D.C.1988)). Moreover, "where PERB has jurisdiction over a claim, a litigant cannot bypass PERB's jurisdiction by bringing the same action as a common law claim." Id. at 1144. As a result, the District of Columbia courts have rejected plaintiffs' efforts to avoid PERB's exclusive jurisdiction by resorting to artful pleading. See Board of Trustees, University of the District of Columbia v. Myers, 652 A.2d 642, 646 (D.C.1995) (allegations that union refused to investigate or pursue arbitration of grievances must be brought before the PERB). It follows, therefore, that Plaintiff's DFR claims against AFT and WTU must also be brought to the PERB, and that this Court must dismiss Plaintiff's Complaint.

## IV.  CONCLUSION

Based on the foregoing reasons, Defendant AFT respectfully requests that the Plaintiff's Complaint be dismissed for: (1) for failure to state a claim against the AFT upon which relief can be granted; (2) failure to allege facts under which the AFT could be found liable; and (3) lack of subject matter jurisdiction.

Dated: March 1, 2011                          Respectfully submitted,

                                              Daniel J. McNeil, D.C. Bar No. 455712
                                              American Federation of Teachers, AFL-CIO
                                              555 New Jersey Avenue, N.W.
                                              Washington, D.C. 20001
                                              Telephone: (202)393-7472
                                              Fax: (202)393-6385
                                              Email: dmcneil@aft.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Plaintiff's Motion to Dismiss, Memorandum and

proposed Order was served upon the Plaintiff, via first class mail, postage prepaid, to the

following address, on this 1st day of March, 2011:

        Theodore E. Powell
        308 Hodder Lane
        Highland Spring, VA
        23075

                                Daniel J. McNeil

8

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

THEODORE E. POWELL,                              )
                                                 )
    Plaintiff,                )
                                                 )
v.                                               )
                                                 )    Civil Case No. 2011 CA 001025 B
                                                 )    Judge Joan Zeldon
AMERICAN FEDERATION OF TEACHERS,                 )
AFL-CIO, et al.,                                 )
                                                 )
    Defendants.               )
_____)

### ORDER

Upon consideration of Defendant, American Federation of Teachers, AFL-CIO, Motion

to Dismiss, any response, and the entire record, it is this _____ day of March, 2011, hereby

**ORDERED** that the Defendant AFT's Motion to Dismiss is **Granted**; and it is further

**ORDERED** that Plaintiff's Complaint against Defendant AFT is dismissed with

prejudice.

_____
Judge Joan Zeldon

Copies to:

Theodore E. Powell
308 Hodder Lane
Highland Springs, VA 23075

Daniel J. McNeil, Esq.
American Federation of Teachers, AFL-CIO
555 New Jersey Avenue, N.W.
Washington, D.C. 20001

Counsel for Defendant