**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
                                    )
THEODORE E. POWELL,                 )
                                    )
            Plaintiff,              )
                                    )Civil Action No. 11-493(EGS)
        v.                          )
                                    )
AMERICAN FEDERATION OF              )
TEACHERS, et al.,                   )
                                    )
            Defendants.             )
                                    )
```

**MEMORANDUM OPINION**

Plaintiff Theodore Powell, proceeding *pro se*, brings this
case against Defendants American Federation of Teachers ("AFT"),
Washington Teachers Union ("WTU"), and several individual
Defendants alleging a failure to represent and support Plaintiff
while he was employed at the District of Columbia Public Schools
("DCPS").  Pending before the Court are several motions filed by
Plaintiff.  Because Plaintiff is proceeding *pro se*, the Court
will treat these motions as objections to the Report and
Recommendation of Magistrate Judge John M. Facciola.  In that
Report and Recommendation, Magistrate Judge Facciola recommended
that Defendant WTU's Motion to Dismiss be granted because this
Court does not have jurisdiction over Plaintiff's claims.  Based

upon a *de novo* review of the parties' papers,[1] the relevant law, and the entire record in this case, the Court concludes that it lacks jurisdiction over this case.  Therefore, the Court will **ADOPT** Magistrate Judge Facciola's recommendation and will **GRANT** WTU's Motion to Dismiss for lack of jurisdiction.  The Court will also **GRANT** Defendant AFT's Motion to Dismiss as conceded and alternatively for lack of jurisdiction.  Finally, the Court will **DENY** Plaintiff's Motion to Take Judicial Notice, Motion to Stay, and Motion to Strike.

## I.   BACKGROUND

Plaintiff Theodore Powell is a former physical education teacher at Woodson High School.  *See* Complaint ("Compl."), included in Original File from Superior Court [Docket No. 6-1],

---

[1] The papers reviewed in connection with the pending motions include: Defendant AFT's Motion to Dismiss, filed in the District of Columbia Superior Court prior to the removal of this action [Docket No. 6]; Defendants WTU, Charles Moore, Candi Peterson, Nathan Saunders, and Clay White's Motion to Dismiss for Lack of Jurisdiction [Docket No. 8] (hereinafter, "WTU Mot. to Dismiss"); Plaintiff's Memorandum in Opposition to WTU's Motion to Dismiss [Docket No. 10]; WTU's Reply in Support of its Motion to Dismiss [Docket No. 14]; Plaintiff's Motion to Take Judicial Notice [Docket No. 18]; Plaintiff's Motion to Stay [Docket No. 20]; Defendant WTU's Opposition to Plaintiff's Motion to Stay [Docket No. 21]; Plaintiff's Replies in Support of his Motion to Stay [Docket Nos. 22 & 26]; Plaintiff's Motion to Strike all Reply Memorandums of the Defendants [Docket No. 27]; AFT's Response to Plaintiff's Motion to Strike [Docket No. 28]; and WTU's Memorandum in Opposition to Plaintiff's Motion to Strike [Docket No. 29].

at 12.[2]  Plaintiff's complaint includes a number of claims, all
of which amount to a failure by the Defendant unions and their
agents to properly support and represent Plaintiff.  First,
Plaintiff alleges that he was injured when he was assaulted by
students at the school.  *See id.* at 8-9, 12.  The dates of the
alleged assaults are not clear from the record.  Plaintiff
states that he is suffering from nerve damage in his feet and
Post Traumatic Stress Disorder as a result of the assaults.  *Id.*
at 9, 12.  According to Plaintiff, WTU failed to support and
represent him in resolving this matter and "was negligent in its
efforts to get involved and implement a strong safe plan for
success, as a part of the Collective Bargaining Agreement."  *Id.*
at 8.

Secondly, Plaintiff alleges that WTU did not provide him
with adequate legal representation in his criminal case.[3]  *See*
*id.* at 8-9.  Plaintiff claims that the WTU lawyer who was
assigned to represent him was deceitful, attempted to coerce

---

[2] Because Plaintiff's Complaint does not contain page
numbers, all citations to the Complaint are citations to the
page of the entire Original File included at Docket No. 6.

[3] It is not clear from the record whether Plaintiff's
criminal case is connected to any of the other allegations in
the Complaint.  The parties do not dispute that Plaintiff was
charged with a misdemeanor for threats to do bodily harm on
January 4, 2010 in the District of Columbia Superior Court, Case
No. 2010 CMD 000144.  The parties also do not dispute that
Plaintiff was found not guilty on September 29, 2010.  *See* WTU
Mot. to Dismiss at 3 n.2; Compl. at 8.

Plaintiff into accepting a guilty plea, and provided poor
representation, in violation of Plaintiff's rights to due
process and a speedy trial under the 5th, 6th, and 14th
Amendments of the United States Constitution.  *See id.*
Plaintiff alleges that he asked WTU for a new lawyer, but WTU
refused to help him.  *Id.* at 9.

Plaintiff was placed on paid leave on December 10, 2009.
*Id.* at 10.  Plaintiff alleges that he asked WTU for support and
representation at a Fitness-for-Duty exam, but WTU refused to
represent him.  *Id.*  Plaintiff challenges the doctor who
performed the Fitness-for-Duty exam and states that the doctor
"provide[d] false information" about Plaintiff to WTU, causing
Plaintiff to be terminated under false pretenses.  *See id.*
According to Plaintiff, WTU should have recommended another
doctor to perform the exam, and Plaintiff was damaged by WTU's
lack of support and representation.  *See id.* at 10-11.
Plaintiff also alleges that he contacted AFT for support and
representation, but they refused to help him.  *Id.* at 11.
Plaintiff seeks reinstatement to his position at Woodson High
School or another high school with full benefits, back pay,
compensatory damages, punitive damages, 100 percent retirement
benefits, and "8 million dollars in cash."  *Id.* at 12-14.

Plaintiff filed his Complaint in the Superior Court of the
District of Columbia on February 9, 2011.  On March 1, 2011,

4

Defendant AFT filed a Motion to Dismiss in the Superior Court. On March 8, 2011, Defendant WTU removed this case to this Court. Defendant WTU filed a Motion to Dismiss on March 21, 2011. On March 22, 2011, this Court entered an order advising Plaintiff to respond to both Motions to Dismiss by no later than April 19, 2011 and May 10, 2011, respectively. The Court cautioned Plaintiff that if he did not respond, the Court may treat the motions as conceded and dismiss the case. *See* Order, March 22, 2011 [Docket No. 9] at 2. Plaintiff filed an opposition to WTU's Motion to Dismiss only, and the Court referred that motion to Magistrate Judge Facciola for a Report and Recommendation pursuant to Local Civil Rule 72.3(a)(3). On January 30, 2012, Plaintiff filed a Motion to Take Judicial Notice. Magistrate Judge Facciola issued his Report and Recommendation on February 16, 2012, and Plaintiff filed a Motion to Stay within 14 days of that Report and Recommendation. The Court will treat Plaintiff's Motion to Stay as an objection to Magistrate Judge Facciola's entire Report and Recommendation. Plaintiff also filed, on April 27, 2012, a Motion to Strike all Reply Memorandums of the Defendants. All motions are now ripe for determination by the Court.

## II.   LEGAL STANDARD

### A.   Rule 72

Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72.3 of the Local Rules of the United States District Court for the District of Columbia authorize the referral of dispositive motions to a magistrate judge for a report and recommendation. When a party files written objections to any part of the magistrate judge's recommendation, the Court considers *de novo* those portions of the recommendation to which objections have been made, and "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* Local Civil Rule 72.3(c).

### B.   Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and a Rule 12(b)(1) motion for dismissal presents a threshold challenge to a court's jurisdiction, *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).  On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  In evaluating such a motion, the Court must "accept as true all of the factual allegations contained in the

6

complaint," *Wilson v. Dist. of Columbia*, 269 F.R.D. 8, 11
(D.D.C. 2010) (citing *Leatherman v. Tarrant Cnty. Narcotics
Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)), and
should review the complaint liberally while accepting all
inferences favorable to the plaintiff, *see Barr v. Clinton*, 370
F.3d 1196, 1199 (D.C. Cir. 2004).   Because subject matter
jurisdiction focuses on the Court's power to hear the claim,
however, the Court must give the plaintiff's factual allegations
closer scrutiny when resolving a Rule 12(b)(1) motion than would
be required for a Rule 12(b)(6) motion.   *Macharia v. United
States*, 334 F.3d 61, 67 (D.C. Cir. 2003).   Thus, to determine
whether it has jurisdiction over a claim, the Court may consider
materials outside the pleadings where necessary to resolve
disputed jurisdictional facts.   *Herbert v. Nat'l Acad. of Scis.*,
974 F.2d 192, 197 (D.C. Cir. 1992).   Although complaints filed
by *pro se* plaintiffs are to be liberally construed, *see Erickson
v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs "are not
freed from the requirement to plead an adequate jurisdictional
basis for their claims," *Kurtz v. United States*, 779 F. Supp. 2d
50, 51 (D.D.C. 2011) (internal quotation omitted).

## III. ANALYSIS

### A.   WTU's Motion to Dismiss

Defendant WTU and its agents argue that this Court lacks
jurisdiction over this action because the District of Columbia's

Comprehensive Merit Personnel Act, D.C. Code § 1-601 *et seq.* ("CMPA"), provides the sole statutory form and remedy for Plaintiff's claims.  WTU Mot. to Dismiss at 1.  Alternatively, Defendants argue that the Complaint fails to state a claim for which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See id.* The Court must determine first whether it has jurisdiction over Plaintiff's claims because, once a court determines that it lacks subject matter jurisdiction, it can proceed no further. *See Simpkins v. Dist. of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997).

The CMPA was enacted to provide employees of the District of Columbia an impartial and comprehensive administrative scheme for resolving employee grievances.  *Holman v. Williams*, 436 F. Supp. 2d 68, 74 (D.D.C. 2006) (citing D.C. Code § 1-601.02(a)(5)).  As this Court has previously recognized, "the CMPA is the exclusive avenue for aggrieved employees of the District of Columbia to pursue work-related complaints." *Jackson v. Dist. of Columbia Dep't of Health*, No. 06-cv-1347 (EGS), 2007 WL 1307891, at *2 (D.D.C. May 3, 2007) (citing *Holman*, 436 F. Supp. 2d at 74; *Baker v. Dist. of Columbia*, 785 A.2d 696, 697-98 (D.C. 2001)).  Under the CMPA, an employee must first bring a grievance to the District of Columbia Public Employee Relations Board ("PERB").  *See Lightfoot v. Dist. of*

*Columbia*, No. 04-cv-1280 (RBW), 2006 WL 54430, at *8 (D.D.C.
Jan. 10, 2006).  Only after a final order of the PERB has been
issued can the plaintiff seek judicial review, which must
commence in the Superior Court of the District of Columbia.  *Id.*
(citing D.C. Code § 1-617.13(c)).

The CMPA defines a "grievance," in relevant part, as "any
matter under the control of the District government which
impairs or adversely affects the interest, concern, or welfare
of employees . . . ."  *Holman*, 436 F. Supp. 2d at 74 (quoting
D.C. Code § 1-603.01(10)).  In particular, this Court has held
that the PERB has exclusive jurisdiction over a union member's
complaints against his union concerning the union's duty of fair
representation.  *See McManus v. Dist. of Columbia*, 530 F. Supp.
2d 46, 78 (D.D.C. 2007) (citing D.C. Code §§ 1-605.02(3), 1-
617.04(b)(1)).  Even construed as liberally as possible,
Plaintiff's Complaint alleges a series of grievances against WTU
concerning WTU's purported failure to support and represent him.
Such claims are governed by the CMPA and are under the exclusive
jurisdiction of the PERB.  This Court therefore lacks
jurisdiction over Plaintiff's claims.

Apparently realizing this defect, Plaintiff filed an unfair
labor practice complaint before the PERB on April 10, 2011.  In
his Motion to Stay, Plaintiff attached the PERB's dismissal of
his complaint as time-barred, and he argued that the PERB had

erred.  Mot. to Stay [Docket No. 20] at 1-2, Ex. 1.  Plaintiff

further alleged that he had filed an appeal with the PERB for

reconsideration.  *See id.* Ex. 2.  In his Motion to Strike,

Plaintiff attached the PERB's denial of that appeal and stated

that he disagrees with the PERB's decision.  *See* Mot. to Strike

[Docket No. 27] at 1-2, Ex. 1.  However, Plaintiff cannot appeal

the PERB's decisions to this Court in the first instance.  D.C.

Code § 1-617.13(c) provides that "[a]ny person aggrieved by a

final order of the Board granting or denying in whole or in part

the relief sought may obtain review of such order in the

Superior Court of the District of Columbia by filing a request

within 30 days after the final order has been issued."

Accordingly, Plaintiff's motions must be denied, and the

Complaint must be dismissed for lack of jurisdiction.

> **B.   AFT's Motion to Dismiss**

Defendant AFT argues that Plaintiff's Complaint should be

dismissed for failure to state a claim and for failure to allege

facts under which AFT, in particular, can be found liable.

Specifically, AFT asserts that Plaintiff's claims arise out of

the collective bargaining agreement between WTU and DCPS, to

which AFT is not a party.  AFT's Mem. in Support of Mot. to

Dismiss at 4-6.  In addition, AFT argues that Plaintiff's

Complaint should be dismissed because the PERB has exclusive

jurisdiction over Plaintiff's claims. *Id.* at 6-7. Plaintiff has not responded to AFT's Motion to Dismiss.

When a plaintiff fails to respond to a motion to dismiss, the Court may grant it as conceded. *See* Local Civil Rule 7(b); *see also Hoffman v. Dist. of Columbia*, 681 F. Supp. 2d 86, 94 (D.D.C. 2010); *Chandler v. Dist. of Columbia*, 578 F. Supp. 2d 73, 76-77 (D.D.C. 2008). Here, Plaintiff was specifically instructed that his failure to respond to AFT's Motion to Dismiss may risk dismissal. *See* Order, March 22, 2011 [Docket No. 9] at 2. The Court may therefore grant AFT's Motion to Dismiss as conceded. In addition, for the reasons stated above in Part III.A., the Court will grant AFT's Motion to Dismiss for lack of jurisdiction.

### C.   Plaintiff's Motions to Take Judicial Notice and to Strike all Memorandums of Defendants

In his Motion for Judicial Notice, Plaintiff merely reasserts his arguments that WTU has committed unfair labor practices and that he is owed back payment. Mot. for Judicial Notice at 1-2. For the reasons stated above in Part III.A., these allegations are under the exclusive jurisdiction of the PERB in the first instance, and the Court thus does not have jurisdiction over Plaintiff's claims. The Court will therefore **DENY** Plaintiff's Motion for Judicial Notice.

Finally, Plaintiff filed a Motion to Strike All Reply Memorandums of the Defendants.  In that motion, however, Plaintiff did not argue that any particular filing by Defendants should be stricken, nor did he offer any basis to strike any filings.  Rather, Plaintiff argued that he disagreed with the PERB's decision to dismiss his complaint.  *See* Mot. to Strike at 2.  As the Court has noted above, in Part III.A., pursuant to D.C. Code § 1-617.13(c), Plaintiff must file any appeal of the PERB's ruling in the D.C. Superior Court.  Accordingly, the Court will **DENY** Plaintiff's Motion to Strike.

## IV.  CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' Motions to Dismiss.  The Court will **DENY** Plaintiff's Motion to Take Judicial Notice, Motion to Stay, and Motion to Strike.  Accordingly, the Court will **DISMISS** Plaintiff's Complaint with prejudice.  A separate Order accompanies this Memorandum Opinion.

**SIGNED:**     **Emmet G. Sullivan**
               **United States District Court Judge**
               **August 13, 2012**